Law Offices of Sanjay Chaubey
18 East 41st Street Suite 1704
New York, New York 10017
Ph:212-563-3223
Fax: 212-563-4534
Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
SIMRAN SERVICES LLC, MANDEEP OBEROI,
MD. NARINDARPAL NARULA and VIKRAM
GUPTA

                            Plaintiffs,                          Civil Action:

v.

                                            NOTICE OF REMOVAL

EVEREST FOODS INC.,
RAJA JHANJEE, and VICKY
VIJ

                            Defendants.
-------------------------------------------------------------------X

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, the above-

captioned action is removed by defendant Everest Foods Inc., Raja Jhanjee, and Vicky

Vij., all are majority stockholders of a  New York Corporations, Everest Foods Inc.,

which is incorporated in the State of New York  and has a principal place of business in

the County and State of New York  and, from the Superior Court of New Jersey, Essex

County State of New Jersey State Court to the United States District Court for the

Southern District of New York, by the filing of this Notice of Removal with the Clerk of

the United States District Court for the Southern District of New York.

Everest Foods Inc., Raja Jhanjee, and Vicky Vij, all are majority stockholders of a New York Corporations, Everest Foods Inc., which is incorporated in the State of New York   and has a principal business in County and State of New York, by and through its undersigned attorneys, respectfully states the following as grounds for removal of this action:

1. This action may be removed to this Court by Everest Foods Inc., Raja Jhanjee, and Vicky Vij, all are majority stockholders of a New York Corporations, Everest Foods Inc., which is incorporated in the State of New York and has a principal business in County and State of New York pursuant to the provisions of 28 U.S.C. §§1441(a) and 1446.

2.      On or about March 30, , 2017, plaintiff filed an action in the Superior Court of New Jersey, Essex County State of New Jersey  a State Court, entitled *Simran Services LLC, Mandeep Oberoi, MD, Narinderpal Narula and Vikram Gupta  v.* Everest *Foods Inc., Raja Jhanjee, and Vicky Vij,* Docket No. C-72-17 (the "State Court Action").

3.      In the Complaint, plaintiff attempts to state causes of action for Injunctive Releif and Appointment of Receiver (First Cause of Action) , Fraud (Second Cause of Action) Civil Conspiracy to Commit Fraud (Third Cause of Action), Breach of Contract (Fourth Cause of Action), Breach of Fiduciary Duty ( Fifth Cause of Action),  and oppression of Minority Shareholders ( Sixth Cause of Action),.

4.      Plaintiff seeks compensatory and punitive damages.

5.      On or after   April 19, 2017, Defendants first received the Summons and Complaint and Order to Show Cause in the State Court Action when they were served on April 19, 2017 by Raja Jhanjee, an individual Stockholder of 35 % shares of New York Corporation, Vicky Vij, and an individual Stockholder of 35 % shares of New York

2

Corporation: Everest Foods Inc.  a New York Corporation; is incorporated in the  State of New York  and has a principal place of  business in the  County and State of New York

6.      This Notice of Removal is filed within thirty days after a copy of the Complaint in the State Court Action was first received by Everest Foods Inc., Raja Jhanjee, and Vicky Vij all are majority stockholders of a New York Corporations, Everest Foods Inc., which is incorporated in the State of New York and has a principal place of business in the County and State of New York and therefore is timely filed pursuant to 28 U.S.C. §1446(b).

7.     The complaint herein also names as Raja Jhanjee and Vicki Vij , who are  citizen of the same state as plaintiff. The citizenship of said defendants should be disregarded for purposes of determining jurisdiction under 28 U.S.C. §1332 and 28 U.S.C §1441(b) on the ground that there is no possibility that plaintiff will be able to establish liability against said parties for the following reasons:

8.      (i) Plaintiff has not transacted any business or alleged to have transacted any business with Raja and Vicki in State of New Jersey.  Also see, 13F Wright & Miller § 3623, p. 6 (noting that Supreme Court has established "conclusive presumption that all of the stockholders of a corporation are citizens of the state of incorporation").

       (ii) As alleged in plaintiffs' complaint all the business transacted by Everest Foods Inc., Raja Jhanjee, and Vicky Vij, was in the Count and State of New York

9.      Copies of all process, pleadings and orders served upon by Everest Foods Inc., Raja Jhanjee, and Vicky Vij  in the State Court Action are attached as **Exhibit 'A'.**

10.     A copy of the written notice required by 28 U.S.C. §1446(d), addressed to the adverse party and to the Clerk of the Superior Court of New Jersey, Essex County State of

New Jersey a State Court is attached as **Exhibit 'B'** and will be filed in the State Court Action and forwarded to plaintiff upon the filing of this Notice of Removal.

JURISDICTION EXISTS UNDER 28 U.S.C. §1332.

11.     This action is removable pursuant to the provisions of 28 U.S.C. §1441(a) because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332, in that there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.


THE PARTIES ARE DIVERSE.

12.     Plaintiffs are alleged to be a foreign corporation and individual stockholders; resident of the State of New Jersey. See State Court Complaint, Paragraph 1 to 3. Plaintiffs were now, and at the time the State Court Action was commenced were, a citizen of the state of New Jersey.

13.     Raja Jhanjee, an individual Stockholder of 35 % shares of New York Corporation, Vicky Vij, an individual Stockholder of 35 % shares of New York Corporation and Everest Foods Inc.  a New York Corporation; which is incorporated in the  State of New York  and has a principal place of  business in the  County and State of New York  is now, and at the time the State Court Action was commenced were corporations organized and existing under the laws of the State of New York with its principal place of business in the State of New York and therefore is now, and at the time the State Court Action was commenced was, a citizen of the State of New York for diversity jurisdiction purposes. 28 U.S.C. §1332(c) (1).

14.     There is thus complete diversity of citizenship between plaintiff and defendant.

THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

15.     For this Court to have subject matter jurisdiction based on diversity of citizenship,

the amount in controversy must exceed the sum or value of $75,000, exclusive of interest

and costs.  28 U.S.C. §1332(a).

16.     In the Complaint, plaintiff seeks compensatory and punitive damages from

defendants, whereas as plaintiff refers value of Everest Foods Inc, worth $1,

600,00.00  and plaintiff Oberoi and Narula contributed $400,000.00 .  (See State

Court Complaint paragraph s 18, 19 & 20.).

17.     Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs.

18.     Consequently, the State Court Action is removable to Federal Court.

19.     Accompanying this Notice of Removal are a Civil Cover Sheet and a check in the

amount of $400.00 for the required filing fee.

        WHEREFORE, defendant by Everest Foods Inc., Raja Jhanjee, and Vicky Vij

removes the State Court Action from the Superior Court of New Jersey, Essex County

State of New Jersey State Court, and prays that this Court take jurisdiction of this civil

action to the exclusion of any further proceedings in state court.


Dated: 04/21/2017


/s/ Sanjay Chaubey         
Law Offices of Sanjay Chaubey
Attorneys for Defendant

By: Sanjay Chaubey, Esq.(SC-3241)
 18 East 41st Street Suite1704
 New York, NY 10017
Ph: 212-563-3223
Fax: 212-5634534